IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JONATHAN LOWE and )
JENNIFER LOWE. )
   Plaintiffs, )
)
v. ) Civil Action No. 3:17CV564
)
WELLS FARGO BANK, N.A., )
   Defendant. )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 3) and Plaintiff's Motion to Remand (ECF No. 18). Jonathan and Jennifer Lowe ("Plaintiffs") bring this action against Wells Fargo Bank, N.A. ("Defendant") alleging a breach of a loan modification offer in Count I and violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, in Count II. Defendant removed this case to federal court and moves to dismiss the action. Plaintiff moves to remand the action to Chesterfield County Circuit Court. The motions have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Motion to Dismiss will be granted as to Count II and denied as moot as to Count I. The Motion to Remand will be granted as to Count I and denied as moot as to Count II.

### I. BACKGROUND

Plaintiffs are the record owners of property in Chesterfield County located at 8100 Fallbrook Drive, North Chesterfield, Virginia 23225 (the "Property"). (Compl. ¶ 2, ECF No 1-2.) Defendant holds the promissory note (the "Note") executed by Plaintiffs to secure the mortgage on the

Property. (*Id.* ¶ 3.) Plaintiffs owe arrearages on the Property, although the amount owed is the subject of this litigation. (*Id.*)

In 2011, Plaintiffs could not meet their payment obligations under the Note and worked with Defendant to modify the terms of the Note (the "First Modification"). (*Id.* ¶ 4.) Plaintiffs still could not meet their payment obligations under the First Modification and subsequently filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia on July 15, 2011. (*Id.*)

On October 23, 2013, Defendant offered Plaintiffs a new trial modification plan while their petition was pending in the United States Bankruptcy Court. (*Id.* ¶ 5.) The trial plan required Plaintiffs to make three consecutive payments to secure a permanent modification of the Note. (*Id.*) Plaintiffs allege that they accepted Defendant's offer, completed the payments, and Defendant offered Plaintiffs a permanent modification (the "Second Modification") on February 19, 2013. (*Id.*)

In a letter dated June 7, 2013, Defendant notified Plaintiffs that Defendant rescinded the Second Modification because the Bankruptcy Court did not approve of the plan. (*Id.* ¶ 7.) Nonetheless, and pursuant to the Second Modification's terms, Plaintiffs' bankruptcy attorney filed a petition to modify the plan (the "Amended Plan") on June 12, 2013. (*Id.* ¶ 6.) Defendant responded on July 17, 2013 by filing an Objection to the Plaintiffs' Amended Plan with the Bankruptcy Court, claiming the Amended Plan "fail[ed] to provide for pre-petition arrearages." (*Id.* ¶ 8.)

From March 2013 through August 2013, Plaintiffs made monthly payments of $816.65, as required by the trial modification plan, under the assumption that the Second Modification was in effect. (*Id.* ¶ 9.) After this time period, Plaintiffs ceased making payments on the Note, vacated the Property, notified Defendant thereafter, and asked Defendant to take ownership of the Property

through a deed in lieu. (*Id.*) Defendant never responded. (*Id.*) On November 9, 2016, Plaintiffs' counsel again mailed a letter to Defendant offering a deed in lieu, but Defendant did not respond. (*Id.* ¶ 12.)

On July 7, 2017, Plaintiffs filed their Complaint in Chesterfield County Circuit Court, Chesterfield, Virginia. In Count I of the Complaint, Plaintiffs advance a state law breach of contract claim, arguing that Defendant breached the Second Modification by refusing to honor its terms. (*Id.* ¶¶ 16–18.) In Count II of the Complaint, Plaintiffs allege that Defendant "willfully failed to properly credit the Plaintiffs' payments of the Note." (*Id.* ¶ 20.) As Plaintiffs request relief under 15 U.S.C. § 1640, the Court presumes the predicate of Count II arises under TILA. (*Id.* ¶ 21.)

## II. MOTION TO DISMISS

The TILA claim alleged in the Complaint would allow the Court to exercise supplemental jurisdiction over the state law breach of contract claim because all claims arise out of the same nucleus of operative facts. *See United Mine Workers Am. v. Gibbs,* 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367. The existence of Plaintiff's TILA claim has direct bearing on the disposition of the Motion to Remand. Accordingly, the Court addresses the Motion to Dismiss with respect to the TILA claim first.

### A. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). Dismissals under Rule 12(b)(6) are generally disfavored by the courts because of their *res judicata* effect. *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1471 (4th Cir. 1991). The Federal Rules of Civil Procedure only require that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

3

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "*detailed* factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (emphasis added). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

## B. DISCUSSION

In the Complaint, Plaintiffs allege that the Defendant "willfully failed to properly credit the Plaintiffs' payment on the Note." (Compl. ¶ 20.) Plaintiffs reference 15 U.S.C. § 1640 of TILA in their prayer of relief but otherwise fail to direct the Court to the statutory provision in TILA that Defendant allegedly violated. The Court notes without deciding that the ambiguity of Plaintiff's TILA claim may not satisfy the Rule 8 pleading requirements under the Federal Rules of Civil Procedure. Plaintiff's TILA claim, however, nonetheless fails as a substantive matter.

With a few exceptions that are inapplicable here, alleged TILA violations are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); *Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 750 (E.D. Va. 2009) (quoting 15 U.S.C. § 1640(e)).[1] Under a liberal interpretation of the Complaint, the last potential TILA violation for failure to credit payment on the Note occurred in August 2013. Plaintiffs ceased making payments on the Note after this time. (*See* Compl. ¶ 9.) Thus, basis for the TILA claim accrued long after the one-year limitations period expired. Plaintiffs

---

[1] A plaintiff may be entitled to equitable tolling of the statute of limitations due to concealment only where the plaintiff exercised due diligence because "ignorance in the face of facts discoverable upon simple inquiry does not suffice." *Roach*, 598 F. Supp. 2d at 750 (quoting *Bausch v. Philatelic Leasing, Ltd.*, No 93-1685, 1994 WL 446758, at *6 (4th Cir. Aug. 19, 1994). Nothing in the Complaint suggests that Plaintiffs are entitled to equitable tolling of the limitations period.

4

concede that their TILA claim arises under 15 U.S.C. § 1639f and is time-barred. (Plaintiff's Mem. in Opp. to Mot. to Dismiss, at 2, ECF No. 19.) Accordingly, the Court will grant Defendant's Motion to Dismiss as to Count II of the Complaint.

### III. MOTION TO REMAND

#### A. LEGAL STANDARD

A case filed in state court may be removed to federal court if the district court has subject-matter jurisdiction on the basis of the existence of a federal question or diversity. 28 U.S.C. §§ 1331, 1332, 1441(a). Federal question jurisdiction requires that the cause of action in a civil matter arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. The district court must remand the case if, at any point prior to final judgment, the court appears to lack subject matter jurisdiction. 28 U.S.C. § 1447(c).

A federal district court may exercise supplemental jurisdiction over state law claims, even when the court dismisses all claims over which it has original jurisdiction. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). Typically however, district courts decline to exercise supplemental jurisdiction where all federal law claims are dismissed before trial. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (discussing how the traditional weighing factors when considering remand – judicial economy, convenience, fairness, and comity – "point toward declining to exercise jurisdiction over the remaining state-law claims" when all federal claims are dismissed before trial). Moreover, the Fourth Circuit cautions that "removal jurisdiction raises significant federalism concerns," and should be strictly construed when the court determines whether to exercise supplemental jurisdiction where all federal law claims have been dismissed. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

### B. DISCUSSION

As the Court dismisses all claims over which it has original jurisdiction, the Court declines to exercise jurisdiction over the remaining state law claim. A district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction. *Carlsbad Tech, Inc.*, 556 U.S. at 639–40; 28 U.S.C. §1367(c). This case is still in the early stages of litigation, and the remaining claim after dismissal, Count I, arises under state law. Accordingly, the Court declines to exercise supplemental jurisdiction over Count I. The Motion to Remand with respect to Count II is moot due to Count II's dismissal.

## IV. CONCLUSION

For the reasons discussed herein, the Motion to Dismiss will be granted as to Count II and denied as moot as to Count I. The Motion to Remand will be granted as to Count I and denied as moot as to Count II.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: <u>October 18, 2017</u>